IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
McALLEN DIVISION

| | | |
|---|---|---|
| SUE JAMES,<br>Plaintiff, | §<br>§<br>§ | Civil Action No. _____ |
| v. | §<br>§<br>§ | |
| THE WILDER CORPORATION OF<br>DELAWARE,<br>Defendant. | §<br>§<br>§<br>§ | Jury Demanded |

PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Sue James brings this cause of action against Defendant the Wilder Corporation of Delaware. Ms. James respectfully shows that the Winter Ranch RV Park, owned and operated by the Wilder Corporation of Delaware, unlawfully discriminated against her because her disabilities require that her service dog, Sophie, live with her.

A. Statement of Claim

1.      Sue James, a person with physical disabilities that limit her basic mobility, brings this action for damages, injunctive relief, and declaratory relief against the Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et. seq.* ("ADA") and its attendant regulations in Chapter 1, Part 36 of the Code of Federal Regulations, 28 C.F.R. Ch.1, Pt. 36. Ms. James also invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a), to have her state law claims against the Defendant heard by this Court under Chapter 121 of the Texas Human Resources Code, Tex. Hum. Res. Code §121.001, *et. seq.* ("Chapter 121").

2.      Defendant has denied Ms. James the ability to fully and equally enjoy the services and facilities of the Winter Ranch RV Park because it would not allow her to live in the Park with her

1

service dog, Sophie, who alerts Ms. James of any changes in her diabetic and asthmatic conditions.

## B. Parties

3.      Plaintiff, Sue James, is an individual that is a citizen of the State of Oklahoma, but who lives in South Texas during the winter months.

4.      Defendant, the Wilder Corporation, is a corporation that is incorporated under the laws of Delaware. The company does business in the area as Wilder Corporation RV Resorts and Parks but has neither filed for a renewal of that name nor designated a registered agent under that name with State authorities. Wilder Corporation RV Resorts and Parks owns and operates the Winter Ranch RV Park, a subdivision located in Alamo, Texas. Defendant may be served with process by serving its registered agent Gene Christian, 101 East Sioux Road, Pharr, TX 78577.

## C. Jurisdiction

5.      The Court has jurisdiction over the lawsuit because the suit arises under 42 U.S.C. §1282(a) of the Americans with Disabilities Act (ADA). Under 28 U.S.C. §1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

## D. Venue

6.      Venue is proper in this district under 28 U.S.C.A. § 1391(b) because the events giving rise to the claim occurred in the Southern District of Texas, McAllen Division.

## E. Factual Background

7.      Sue James lives in Oklahoma, but has spent the winter months in Southern Texas for the past four years. She suffers from severe asthma, which requires treatment with drugs such as

Advair and Spiriva. She also suffers from severe diabetes, which requires that she take seven pills a day instead of insulin.

8. Sue James owns a Chihuahua named Sophie. Sophie is able to sniff her owner's breath and alert her when she needs to take her medicine. Ms. James had her dog certified as a service dog by Service Dogs America. Sophie helps Ms. James stay alert and relatively healthy, and helps her avoid potentially deadly medical conditions.

9. Sue James bought a Park Model, a type of mobile home, to spend the winter months of 2011 in Southern Texas. In preparation for the placement of her mobile home, she purchased concrete and had it placed at her reserved spot at the Winter Ranch RV Park in Alamo, TX. The Winter Ranch RV Park is a gated community providing mobile home sites and facilities such as a golf course and ballroom for residents.

10. Upon her arrival to the Winter Ranch in February 2011, Sue James was notified by Cathy Chapin, the manager of the Winter Ranch RV Park that she could not keep Sophie with her in the Park Model because the community had a strict "No Pets" policy. Ms. James produced Sophie's service dog certification for Ms. Chapin, and Ms. Chapin told her that she would meet with Alan Nash, district manager at the Wilder RV Resorts and Parks, to discuss the situation further.

11. After meeting with Mr. Nash, Ms. Chapin reaffirmed to Ms. James that because of the "No Pets" policy Sophie would not be accommodated at the Winter Ranch RV Park. Ms. James was forced to sell her Park Model, abandon the concrete she had bought for the Park, and return to Oklahoma at the end of February.

12. Though Sue James had paid for her spot at the Winter Ranch RV Park through April 2011, she was informed that she could not sublease. However, another person moved onto her site

before the lease term was over and without her consent. The new tenant sent $181 to her mailing address.

### F. Americans with Disabilities Act

13.     In passing the ADA, Congress identified some 43,000,000 Americans, including children, as having one or more disabilities and found that discrimination against individuals with disabilities continues to be a serious and pervasive social problem. 42 U.S.C. §12101(a)(1)-(2).

14.     Congress found that, historically, society tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be endemic. 42 U.S.C. §12101(a)(2). Congress also found that discrimination against individuals with disabilities persists in such critical areas as housing, institutionalization, and access to public services. 42 U.S.C. §12101(a)(3).

15.     Among its stated purposes, the ADA has a clear and comprehensive national mandate to eliminate discrimination against individuals with disabilities and to establish clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities. 42 U.S.C. § 12101(a)(1)-(2).

16.     Under Title III of the ADA, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.

17.     Plaintiff, Sue James is disabled, as defined by the ADA, 42 U.S.C. §12102. Her severe asthma substantially limits her ability to conduct many basic physical activities such as walking. Her severe diabetes has substantially limited the operation of her endocrine system.

18.     Sophie, the Chihuahua, is a service animal as defined by 28 C.F.R. § 36.104(5) promulgated by the ADA. She is trained to identify certain physiological changes in Ms. James's body and alert her to take her medicine.

19.     The Winter Ranch RV Park is a public accommodation within 42 U.S.C. §12181(7)(A) of the ADA as it provides a place of lodging for those with mobile homes.

20.     Defendants have discriminated against Plaintiff due to her disabilities, and continues to do so, by depriving her, and all those similarly situated, of the full and equal enjoyment of the facilities, privileges, advantages, or accommodations of medical services, thereby violating 42 U.S.C. § 12182(a).

21.     Defendant violated 28 C.F.R. § 36.30(c)(1) promulgated by the ADA which holds that "generally, a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." Even if the Winter Ranch RV Park has a policy against pets or animals being present on the premises, they are mandated by federal law to modify such a policy to accommodate Sue James and her service dog, Sophie.

22.     Moreover, the Defendants have denied Plaintiff, on the basis of her disabilities, the opportunity to participate in, or benefit from, a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals, in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.202.

23.     Defendants have violated and continue to violate their duties to make reasonable accommodations in business policies, practices, and procedures so that Plaintiff and others similarly situated are not discriminated against.

G. Texas Human Resources Code, Chapter 121

24. Chapter 121 established that it is "the policy of the state to encourage and enable persons with disabilities to participate fully in the social and economic life of the state, to achieve maximum personal independence … and to otherwise fully enjoy and use all public facilities available within the state." Tex. Hum. Res. Code §121.001.

25. Sophie, the Chihuahua, is an assistance animal as defined by Tex. Hum. Res. Code § 121.002. She is trained to identify certain physiological changes in Ms. James's body and alert her to take her medicine. Sophie has received certification from Service Dogs America.

26. The Winter Ranch RV Park is a public facility within Tex. Hum. Res. Code §121.002 as it provides a place of lodging for those with mobile homes.

27. Defendant violated Tex. Hum. Res. Code § 121.003 by denying Sue James admittance to the Winter Ranch RV Park because of her disability and also by denying her the use of her assistance animal Sophie.

G. Damages

28. As a direct and proximate result of the Defendant's conduct, Sue James suffered the following injuries and damages:

    a. She lost the remainder of her rental time at the Winter Ranch and her investment in concrete after being denied accommodation and was forced to sell her Park Model, mobile home.

    b. She suffered mental anguish and emotional distress as she sought to address the effects of the Defendant denying her accommodation at the Winter Ranch because of Sophie, her service animal. The strain exacerbated her severe

asthmatic condition and put greater strain on her body, weakened by severe diabetes.

29. Chapter 121 provides for a penalty of at least $100 to an aggrieved party for each violation of the law, for which Defendant is liable to Ms. James as a result of the allegations herein. Tex. Hum. Res. Code §121.004(b). There is no statutory limit to this penalty.

## H. Injunctive Relief

30. Sue James asks the Court to set her application for injunctive relief for a hearing on the issues in this application and, after the hearing, to issue a permanent injunction against the Defendant. Ms. James and other similarly situated disabled individuals will continue to experience unlawful discrimination due to the Defendant's failure and refusal to comply with federal and state laws. Injunctive relief is necessary against Defendant the Wilder Corporation to make it comply with the ADA requirements for disability access to all their facilities. Ms. James seeks injunctive relief so that she and others similarly situated can fully use and enjoy the Defendant's facilities.

## I. Declaratory Relief

31. Sue James asks the Court to enter a judgment declaring that the Defendant's policies, procedures, and practices regarding the Winter Ranch RV Park and all other properties similarly situated are a denial of Ms. James's rights to full and equal enjoyment of public accommodations.

## J. Attorney Fees

32. Sue James is entitled to an award of attorney fees and costs under 42 U.S.C. §12205.

## K. Jury Demand

33. Sue James respectfully demands a jury trial.

## L. Prayer

34. For these reasons, Sue James asks for judgment against the defendants for the following:

   a. A permanent injunction requiring that the Winter Ranch and all properties owned by, managed by, and associated with the Wilder Corporation of Delaware allow people with disabilities to fully and equally access their properties and facilities with their service animals.

   b. Declaratory relief declaring that the Defendant's policies, procedures, and practices regarding all facilities similarly situated are a denial of Sue James's rights to reasonable accommodations and are discriminating under Chapter 121 of the Texas Human Resources Code and the Americans with Disabilities Act.

   c. Statutory damages in the amount of a minimum of $100 per violation of Chapter 121 of the Texas Human Resources Code;

   d. A finding that Sue James is the prevailing party in this action and order the Defendant liable for all Ms. James's attorney fees and costs.

   e. Prejudgment and postjudgment interest; and

   f. Any other and additional relief to which Sue James may be entitled in this action.

Respectfully submitted,

/s/ Corinna Spencer-Scheurich
Corinna Spencer-Scheurich
Attorney-in-charge
Texas State Bar No. 24048814
S.D. Federal Bar No. 619913

Amin Alehashem
Texas State Bar No. 24073832
S.D. Federal Bar No. 1135438

 Elliott Tucker
Texas State Bar No. 24075183
S.D. Federal Bar No. 1074776

**South Texas Civil Rights Project**
1017 W. Hackberry
Alamo, TX 78516
(956) 787-8171  [phone]
(956) 787-6348  [fax]


**ATTORNEYS FOR PLAINTIFF**